UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| FERNANDO ORTIZ, | Case No. 11-14154 |
| Plaintiff, | Sean F. Cox |
| v. | United States District Judge |
| TIM DONNELLON, *et al.*, | Michael Hluchaniuk |
| Defendants. | United States Magistrate Judge |
| _____/ | |

**REPORT AND RECOMMENDATION**
**RULE 41(b) DISMISSAL AND MOTION TO DISMISS (Dkt. 9)**

**I.    PROCEDURAL HISTORY**

While in the custody of the St. Clair County Jail, plaintiff filed a civil rights complaint against various employees and agents of the St. Clair County Jail. (Dkt. 1). This matter was referred to the undersigned for all pretrial proceedings by District Judge Sean F. Cox on February 3, 2012. (Dkt. 10). Defendants filed a motion to dismiss on November 17, 2011. (Dkt. 9). The Court ordered plaintiff to file a response by May 11, 2012. (Dkt. 11). This Order was returned to the Court as "undeliverable" on April 13, 2012. (Dkt. 12). Previously, two pieces of mail from the Court were returned as "undeliverable" at the address provided by plaintiff, including a notice from the Clerk of the Court regarding parties' responsibility to notify the Court of any change of address. (Dkt. 6, 7, 8). That

notice specifically warned the parties that the failure to promptly notify the court of a change in address or other contact information may result in dismissal of the case. (Dkt. 6). Plaintiff has had no contact with the Court since filing his complaint on September 22, 2011 and has not provided an updated address to the Court.

As explained in defendants' motion to dismiss, plaintiff has been deported to Mexico. On August 22, 2011, plaintiff was charged with illegal re-entry into the United States after deportation. When he filed this complaint, plaintiff was a temporary federal inmate housed at the St. Clair County Jail. On September 20, 2011, plaintiff pleaded guilty to the charge of illegal re-entry. On September 22, 2011, he was transferred to Milan Federal Prison. Plaintiff was sentenced on November 7, 2011 and temporarily returned to the St. Clair County Jail on November 9, 2011. On November 15, 2011, plaintiff was removed from the St. Clair County Jail by Immigration and Customs Enforcement agents and deported to Mexico. (Dkt. 9, Ex. 4).

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's complaint be **DISMISSED** without prejudice for failure to prosecute and that defendants' motion to dismiss be **DENIED** as moot.

## II.  ANALYSIS AND CONCLUSION

The Federal Rules of Civil Procedure provide that, if a plaintiff fails to

prosecute an action or comply with Federal Rules or with orders of the Court, a defendant may move to dismiss the action. Fed.R.Civ.P. 41(b). The Court's authority to dismiss an action *sua sponte* for lack of prosecution is an inherent power, not governed by rule or statute, but by the control necessarily vested in the Court to manage its own affairs to achieve orderly and expeditious disposition of cases. *Link v. Wabash R. Co.*, 370 U.S. 626, rehearing denied, 371 U.S. 873 (1962); *see also Shotkin v. Westinghouse Elec. & Mfg. Co.*, 169 F.2d 825 (10th Cir. 1948) (Where plaintiff had failed to prosecute action with reasonable diligence, the court may dismiss the action on defendant's motion or on its own motion.); *Cintron-Lorenzo v. Departamento de Asuntos del Consumidor*, 312 F.3d 522 (1st Cir. 2002) (The district court, as part of its inherent power to manage its own docket, may dismiss a case *sua sponte* for any of the reasons prescribed in Rule 41, including lack of diligent prosecution.). Further, the Court may do so with or without notice to the parties. *Rogers v. Kroger Co.*, 669 F.2d 317 (5th Cir. 1982). Moreover, "district courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir .1999), citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991). And, "a district court can dismiss an action for noncompliance with a local rule only if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b)

of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

The Sixth Circuit considers "four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005), citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999).

In this case, the plaintiff was expressly warned that his case could be dismissed if he failed to keep his contact information current. (Dkt. 6). Thus, this factor weighs in favor of dismissal. Notably, Local Rule 11.2 provides that a party not represented by an attorney must promptly file and serve a notice with any new contact information and the failure to promptly file current contact information may subject that person or party to appropriate sanctions, including dismissal. E.D. Mich. L.R. 11.2. Plaintiff has plainly failed to comply with this rule, despite the express attempt by the Court to advise him of his obligation to do so. And the Sixth Circuit recently observed that "it is the party, not the court, who bears the burden of apprising the court of any changes to his or her mailing address." *Yeschick v. Mineta*, — F.3d —; 2012 WL 1139062 (6th Cir. 2012), citing *Casimir*

*v. Sunrise Fin., Inc.*, 299 Fed.Appx. 591, 593 (7th Cir. 2008) (affirming district court's denial of Rule 60(b) motion where movants claimed they did not receive mail informing them of court's entry of summary judgment due to house fire); *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("[A] litigant who invokes the processes of the federal courts is responsible for maintaining communication with the court during the pendency of his lawsuit."); *Watsy v. Richards*, 816 F.2d 683, 1987 WL 37151, at *1 (6th Cir. 1987) (unpublished table decision) (affirming dismissal for failure to prosecute where appellant failed to provide district court with "current address necessary to enable communication with him").

With respect to the first factor, just as in *White v. Bouchard*, 2008 WL 2216281, *5 (E.D. Mich. 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault." *Id*. Regardless, "defendant[ ] cannot be expected to defend an action," that plaintiff has "apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id*. Thus, the first and second factors weigh in favor of dismissal. Finally, given plaintiff's failure to substantively participate in this case since the filing of the complaint, the undersigned sees no utility in considering or imposing lesser sanctions. Thus, none of the factors weigh against dismissal for failure to prosecute.

It is true that "district courts should be especially hesitant to dismiss for

procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White*, at *8, quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). However, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Indeed, a *sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, at *5, citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984). Under the circumstances, in the view of the undersigned, dismissal is appropriate.

### III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's complaint be **DISMISSED** without prejudice for failure to prosecute and that defendants' motion to dismiss be **DENIED** as moot.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: April 18, 2012               s/Michael Hluchaniuk
                                   Michael Hluchaniuk
                                   United States Magistrate Judge

**CERTIFICATE OF SERVICE**

      I certify that on April 18, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Todd J. Shoudy, and I certify that I have mailed by United States Postal Service the foregoing pleading to the following non-ECF participant(s), at the following address(es): Fernando Ortiz, ID # 113828, ST. CLAIR COUNTY JAIL, 1170 Michigan Road, Port Huron, MI 48060.

                                        s/Tammy Hallwood
                                        Case Manager
                                        (810) 341-7887
                                        tammy_hallwood@mied.uscourts.gov